UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DERRICK SMITH,

   Plaintiff,

-VS-                                        CASE NO.: 6:15-cv-270-ORL-40DAB

PIONEER CREDIT RECOVERY, INC.,

   Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

4. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US–, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

1

6. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. § 1692(a)(3).

7. Plaintiff is an "alleged debtor."

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9. Defendant is a company with its principal place of business 26 Edward Street, Arcade, NY 14009, doing business in the State of Florida through its registered agent, Corporation Service Company.

10. Defendant is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 787-9932, and was the called party and recipient of Defendant's above described calls.

15. Plaintiff has never provided Defendant with his aforementioned cellular telephone number, nor has he ever provided verbal or express consent for Defendant to call his aforementioned cellular telephone number.

16. In or about 2004, Plaintiff procured a student loan, and made on time and monthly payments on said student loan through 2013.

17.     In or about early 2013, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (862) 902-5400, (973) 602-3509, (845) 589-9257, (845) 589-9251, (973) 602-3511.

18.     Immediately upon receipt of the first calls from Defendant, Plaintiff answered a call, received the Defendant's automated message, followed the prompts to be connected with a live representative, spoke with an agent/representative of Defendant, and informed them that he was working with the original creditor to pay any remaining balance on the debt, that he had no need to speak with Defendant, and demanded that Defendant stop calling him.

19.     During that conversation, in or about early 2013, the agent/representative of Defendant informed Plaintiff that they were the debt collector hired by the original creditor, and that Plaintiff had an obligation to speak with and pay Defendant, and that they would not stop contacting him to recover the debt, to which Plaintiff responded that Defendant was harassing him, and demanded an end to the harassment by the Defendant.

20.     Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

21.     On at least three separate occasions, Plaintiff spoke with an agent/representative of the Defendant in an attempt to be removed from the call list, demanding the Defendant cease to call his aforementioned cellular telephone number.

22.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

23. From about early 2013 through the filing of this Complaint, Defendant has placed approximately three-hundred (300) automated calls to Plaintiff's aforementioned cellular telephone on a daily basis (or as will be established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have believed they had to place calls to his aforementioned cellular telephone number. [Please see attached **Exhibit "A"** representing a non-exclusive sampling of calls from July 14, 2014 through September 4, 2014.]

24. On approximately fifty (50) separate occasions, Plaintiff received an identical, pre-recorded voicemail message to his aforementioned cellular telephone number from Defendant, instructing him to contact Defendant regarding an alleged debt.

25. Upon information and belief, the telephone calls were placed using automated telephone dialing equipment and/or a pre-recorded message, without human intervention.

26. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

27. Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

28. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

31. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

32. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having his express permission to do so.

33. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed it had.

34. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

35. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

36. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

37. Plaintiff expressly revoked consent Defendant may have believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

38. Defendant violated the TCPA with respect to the Plaintiff.

39. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
**(Violation of the TCPA)**

40. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

44. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

46. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

48. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

49. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

50. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692b(2) by communicating with a person other than the consumer for the purpose of acquiring location information, and stating that he consumer owes a debt.

51. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(6) by calling the Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

54. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect any debt.

55.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692g by failing to send the Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff

# Phone Call Log for (813) 787-9932

|     | Date       | Time     | Caller          |
|-----|------------|----------|-----------------|
| 1.  | 07/14/2014 | 04:37 pm | (973) 602-3511  |
| 2.  | 07/18/2014 | 11:20 am | (973) 602-3511  |
| 3.  | 07/19/2014 | 11:39 am | (973) 602-3511  |
| 4.  | 07/22/2014 | 07:58 pm | (973) 602-3511  |
| 5.  | 07/23/2014 | 08:00 pm | (973) 602-3511  |
| 6.  | 07/25/2014 | 01:39 pm | (973) 602-3511  |
| 7.  | 07/29/2014 | 05:52 pm | (973) 602-3511  |
| 8.  | 07/30/2014 | 05:29 pm | (973) 602-3511  |
| 9.  | 07/30/2014 | 08:23 pm | (973) 602-3511  |
| 10. | 08/21/2014 | 10:37 am | (845) 589-9251  |
| 11. | 08/22/2014 | 08:45 am | (845) 589-9251  |
| 12. | 08/22/2014 | 11:03 pm | (845) 589-9251  |
| 13. | 08/26/2014 | 07:49 pm | (973) 602-3509  |
| 14. | 08/29/2014 | 12:22 pm | (973) 602-3509  |
| 15. | 09/03/2014 | 10:52 am | (862) 902-5400  |
| 16. | 09/04/2014 | 06:09 pm | (862) 902-5400  |

Exhibit "A"